**John F. LARNER,
Appellant–Respondent,**

v.

**Rita K. WYMAN, a/k/a Rita K.
Larner, Appellee–Petitioner.**

**No. 51A01–8904–CV–142.**

Court of Appeals of Indiana,
First District.

March 27, 1991.

John Larner, Steamboat Springs, Colo., pro se.

Gary R. Landau, Buck, Berry, Landau & Breunig, Indianapolis, for appellee-petitioner.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

John W. Larner appeals the judgment of the Martin Circuit Court awarding custody of the minor child of Larner and Rita K. Wyman to Rita, challenging that court's authority to enter such judgment as violative of the federal Parental Kidnapping Prevention Act (28 U.S.C. § 1738A). We affirm.

### ISSUE

Larner raises four issues which we have combined and restated as follows:

Did the trial court have jurisdiction to determine the issue of child custody in this case, or was it precluded from doing so by the provisions of the Parental Kidnapping Prevention Act?

### FACTS

Larner and Rita lived together in Colorado as husband and wife although not for-

mally married. Rita became pregnant and left Larner and returned to her home in Martin County, Indiana, in the last month of her pregnancy. The child of the parties was born in Indiana in December of 1981, and both Rita and the child have remained in Indiana continuously since the birth of the child.

Larner instituted divorce proceedings in Routt County, Colorado, in April 1982, seeking custody of the child. In the meantime, Rita petitioned for custody in the Martin Circuit Court on June 7, 1982. After consultation with the Colorado court, the Martin Circuit Court dismissed Rita's petition. After unsuccessful attempts by Larner to enforce his Colorado order in Indiana, Rita, in February of 1983, filed an amended petition for custody in the Martin Circuit Court. Larner then sought a writ of prohibition from the Indiana Supreme Court to prohibit the Martin Circuit Court from proceeding to exercise jurisdiction of Rita's amended petition. Our supreme court denied Larner's petition in *State ex rel. Larner v. Martin Circuit Court* (1983), Ind., 456 N.E.2d 395. Ultimately, the Martin Circuit Court heard Rita's amended petition, at a hearing which Larner did not attend, and awarded her custody of the child, and it is from this determination that Larner appeals.

## DISCUSSION AND DECISION

Larner contends the trial court was without jurisdiction to decide the custody issue because of the federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A. We disagree. The child was born in Indiana and has lived in Indiana her entire life. The federal act has no applicability. Relevant parts of that act provide:

"(b) As used in this section, the term—

. . . . .

(4) 'home State' means the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old, the State in which the child lived from birth with any of such persons.

Periods of temporary absence of any of such persons are counted as part of the six-month or other period;

. . . . .

"(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—

(1) such court has jurisdiction under the law of such State; and

(2) one of the following conditions is met:

(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State."

Further, Indiana is the home state of the child under the provisions of the Uniform Child Custody Jurisdiction Act, IND.CODE § 31-1-11.6-1 *et seq.* as held by our supreme court in *State ex rel. Larner*, where the court stated:

"Pursuant to the provisions of § 31-1-11.6-3, there is no question that Indiana is the child's home state as the child was born here and has never left the state."

456 N.E.2d at 398. Thus, our supreme court previously determined that "it [was] in the best interest of the child to remain in Indiana and have the Indiana court assume jurisdiction." *Id.* That decision involved the same parents and same child and is binding on us here under the "law of the case" doctrine.

Although our supreme court also stated that Larner had an adequate remedy by way of appeal after a final custody determination was entered, *Id.*, the result here is not changed. The operative facts which led to the decision of our supreme court in the prior case remain the same. The result, therefore, is the same. The Martin Circuit Court was the proper court to deter-

mine the child custody issue in this case, and we will not disturb its judgment.

Judgment affirmed.

BAKER and BUCHANAN, JJ., concur.